RECEIVED & FILED
# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO DEC 28 PM 2: 47

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

MARÍA T. CASTRO-DÍAZ;
her husband VÍCTOR M. LABORDE;
and their CONJUGAL PARTNERSHIP
**Plaintiffs**
v.

CIVIL NO.

ASHFORD MEDICAL CENTER'S
CONDOMINIUM COUNCIL OF CO-OWNERS;
UNIVERSAL INSURANCE COMPANY;
BUILDING FAST CLEANING SERVICE
CORP; ROBERTO J. CANTO, MD; his wife
JANE DOE, and their CONJUGAL
PARTNERSHIP; INSURANCE COMPANIES
AA, BB
**Defendants**

DAMAGES,
ARTICLE 1802,
PUERTO RICO'S  CIVIL CODE

## COMPLAINT

TO THE HONORABLE COURT:

COME NOW, María T. Castro-Díaz, her husband Víctor M. Laborde, and their Conjugal Partnership, through the undersigned attorneys, and to this Honorable Court respectfully state, allege and pray as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Honorable Court is invoked pursuant to the provisions of 28 U.S.C. §1332(a)(1).

2. The plaintiffs are U.S. Citizens and residents of the City of Homestead in the State of Florida, while the defendants are citizens with principal places of business and domicile located in the Commonwealth of Puerto Rico.

3.   The amount requested for relief herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, pursuant to the requirements of 28 U.S.C. §1332.

4.   At the time of filing the instant suit, plaintiffs and defendants have diverse domiciles.

5.   The instant complaint is being filed in the judicial district in which defendants' negligent actions, events or omissions giving rise to the claim occurred. Hence, venue is proper in this District pursuant to the provisions of 28 U.S.C. §1391(a)(2).

## II. JURY TRIAL

6.   Plaintiff demands a trial by jury pursuant to the provisions of Fed. R. Civ. P. 38(b).

## III. PARTIES

7.   Plaintiffs María T. Castro-Díaz, and her husband Víctor M. Laborde are of legal age, citizens of the United States of America and, at all times material hereto, are residents of the City of Homestead in the State of Florida.

8.   Defendant Ashford Medical Center's Condominium Council of Co-Owners (hereinafter referred to as Ashford) is, and at all times mentioned in this complaint was, an authentic subject of rights with full personality for its purposes and with own legal existence.   Ashford Medical Center Condominium is an office building located at Ashford Avenue and Washington Street, Condado, San Juan, Puerto Rico.   The Council of Co-

Page -2-

owners is the deliberative and normative body charged with overseeing condominium decisions.

9.  Defendant Universal Insurance Company (hereinafter referred to as Universal) is an insurance company duly organized under the laws of the Commonwealth of Puerto Rico and authorized to do business as such by the Insurance Commissioner's Office, with its principal office located at Metro Office Park, Guaynabo, Puerto Rico.  Universal issued an insurance policy on behalf of Ashford, providing coverage for general liability.

10. Defendant Building Fast Cleaning Service Corp. is a maintenance business duly organized under the laws of the Commonwealth of Puerto Rico, whose President is Sergio Romeo, and with its principal offices located at #20 Arecibo Street, San Juan, Puerto Rico.

11. Defendant Roberto J. Canto, MD, (hereinafter referred to as Dr. Canto) is an urologist with offices located at Ashford Medical Center, Suite 101, Ashford Avenue & Washington Street, Condado, San Juan, Puerto Rico.

12. Defendant Jane Doe, true name presently unknown to plaintiffs, is Dr. Canto's wife, and a member of their conjugal partnership.

13. Defendants Insurance Companies AA, BE are insurance carriers whose names are currently unknown to plaintiffs at this time and which, at all times material hereto, issued one or more policies on behalf of Building Fast Cleaning Service Corp. and Dr. Canto to cover the risks/damages complained against herein.  Said defendants are corporations organized and

existing under, as well as having principal place(s) of business located in a place or places other than the State of Florida.    Plaintiffs sue these defendants by such fictitious names and will amend this complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and based on that information and belief allege, that each of the defendants designated as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages alleged in this complaint.

14.   Plaintiffs are informed and believe, and based on that information and belief allege, that at all times mentioned in this complaint, defendants were the agents and employees of the co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

15.   Defendants are jointly and severally liable to plaintiffs for their negligent acts or omissions and those of their agents, servants or employees pursuant to the provisions of Articles 1802 and 1803 of Puerto Rico's Civil Code.

### IV. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.   Plaintiffs repeat and reallege each and every preceding allegation as if fully herein.

17.   On February 17, 2005, at approximately 9:20 a.m., Ms. Castro-Díaz, while lawfully and properly in the hallway located in the second floor of the

Ashford's medical offices building, stepped on a foreign substance on the hallway, then slipped and fell to the floor in a split position in front of the entrance for Dr. Canto's office, causing plaintiff Castro-Díaz to sustain the serious injuries and damages described below as a direct and proximate result of the wrongful and negligent conduct of defendants, its employees and/or tenants.

18.   At all times mentioned, defendant Ashford was in possession and control of its medical offices building where plaintiff Ms. Castro-Díaz, slipped and fell.

19.   At all times mentioned, defendant Dr. Canto, whose medical offices are located at the second floor, Suite 101, knew or should have known that one of his patients had vomited at the entrance of his office.

20.   At all times mentioned, Building Fast Cleaning Service Corp. had the duty to clean, maintain, and keep the floors of the Ashford medical offices building in good order for the use of visitors. All the acts or omissions alleged herein were performed by the employees of the defendant Fast Cleaning, while acting within the scope of their employment, and with the permission and consent of the defendant.

21.   Defendants knew, or in the exercise of reasonable care should have known, of the hazardous condition since, through one of their employees or agents, had taken prior remedial action with respect to the foreign substance that caused the slip. Said action was inadequate and insufficient and, thus, a direct cause of plaintiff Castro-Díaz fall.

Page -5-

22.   Defendants Ashford and Dr. Canto, as the judicial person exercising control over the premises/landlord and the tenant of the medical offices building, respectively, which is open to the general public, owed a duty to its invitees, including plaintiff Ms. Castro-Díaz, to exercise reasonable care in the ownership, operation, and maintenance of its building to insure that such invitees were not subject to any unreasonable risk of harm while visiting the medical offices at defendants' building.

23.   Defendant Jane Doe, Dr. Canto's wife, and the conjugal partnership benefitted from Dr. Canto's business for which they respond to plaintiffs for their damages.

24.   Defendants, in breach of the duty described above, negligently and carelessly failed to:

   a.   Properly inspect the hallway's floors to insure that they were safe for the visitors, including plaintiff Ms. Castro-Díaz;

   b.   Properly clean the floors in the hallway to insure that they were safe for the visitors, including plaintiff Ms. Castro-Díaz;

   c.   Warn the plaintiff of the dangerous condition of the floor in the hallway; and/or

   d.   Otherwise, exercise due care with respect to the matters alleged in this complaint.

25.   As a further direct and proximate result of the negligence and carelessness of defendants as set forth above, plaintiff suffered trauma to her right

buttock, right hip ligament sprain, trauma to her right leg and knee; tear of the medial meniscus (left knee), incurred in medical bills, lost wages, suffered and is still suffering extreme physical pain and mental suffering, all of which injuries and damages are continuing and permanent in nature, all to plaintiff's damage in the sum of $700,000.00.

26.   As a further direct and proximate result of the negligence and carelessness of defendants as set forth above, plaintiff Laborde suffered and is still suffering pain and mental suffering upon seeing his wife falling to the floor in such an awkward position; he had to help her up, since she was not able to do it by herself, he took her to the hospital and since then has been taking her to her medical appointments and therapies, as well as taking care of all her needs, all of which injuries and damages, including loss of consortium, are continuing and permanent in nature, all to plaintiff's damage in the sum of $500,000.00.

27.   As a further direct and proximate result of the negligence and carelessness of defendants as set forth above, plaintiffs' conjugal partnership has incurred and will incur in medical, hospital and doctors' expenses, all to plaintiffs' damage in the sum of $100,000.00.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against all defendants jointly and severally, known and unknown, in the amount of not less than $1,300,000.00, as well as costs incurred, reasonable attorneys' fees, and such other and further relief as may seem just and proper.

Page -7-

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 28th day of December 2005.

S/ ALBERTO OMAR JIMÉNEZ SANTIAGO
USDCPR No. 122209

S/CARLOS E. CARDONA FERNÁNDEZ
USDCPR No. 217806
PO Box 191802
San Juan PR 00919-1802
Phone (787) 294-1390 • Fax (787) 773-0922
Email: aojimen@msn.com